IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD D. WOOD,

    Petitioner,

v.                                              CASE NO. 4:05-cv-00254-MP-AK

DONOVAN HAMILTON,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Donald D. Wood.  Petitioner has paid the filing fee.  In his petition, Petitioner alleges that he was sentenced on November 20, 2000, by the Circuit Court of Leon County, Florida, to life imprisonment for sexual battery.  *Id*. at 1.  He appealed his conviction, which was affirmed, with the mandate issuing on May 30, 2002.  *Id*. at 2.  His next filing in state court was on January 16, 2004, when he filed a petition for writ of habeas corpus.  *Id*.  The instant petition was filed on or about July 14, 2005.  *See* Doc. 2.

    Even giving Petitioner the benefits of the date of the issuance of the mandate and the 90-day time period for seeking a writ of certiorari, this petition is untimely, as it was filed more than one year after the conviction became final.  At the latest, Petitioner had until August 30, 2003, to seek federal habeas relief.  Although the time for filing a habeas petition in this Court is tolled during the pendency of a properly filed motion for post-conviction relief in state court, the time for filing the instant petition had expired before Petitioner filed the post-conviction motion in state court on January 16, 2004, and the filing of that motion could not toll a statute of limitations that had already expired.  As the instant petition was not filed until July 14, 2005,

Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002). Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, Petitioner has not suggested that this is an issue, and a review of the documents reveals nothing to support equitable tolling. *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

Because the instant petition is untimely, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this   **23rd**   day of August, 2005.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**